SONIC IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CECELIA DIAZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:21-cv-664 |
| | § | |
| | § | |
| SONIC DRIVE-IN, | § | |
| LEANDER, TEXAS, LLC | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff CECELIA DIAZ ("Plaintiff") complains of SONIC DRIVE-IN, LEANDER, TEXAS, LLC and for her cause of action would show the Court as follows:

**I.**

**INTRODUCTION**

1. This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre- judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States, including Title VII of the Civil Rights Act of 1964, as amended, and the Texas Commission on Human Rights Act

**II.**

**PARTIES**

2. Plaintiff CECELIA DIAZ is a resident of Travis County, Texas.

3. Defendant SONIC DRIVE-IN, LEANDER, TEXAS, LLC is an entity which may be served with process by serving its registered agent, Crowe and Dunlevy, A Professional Corporation, 2525 McKinnon Street, Suite 425, Dallas, Texas, 75201.

4.      At all times relevant to this Complaint, Defendant was acting as Plaintiff's employer or joint employer.

## III.

## JURISDICTION AND VENUE

5.      This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") in accordance with those statutes' provisions against retaliation for reporting sexual harassment. More specifically, this action seeks monetary damages and all other appropriate relief to which Plaintiff is entitled to under the law on account of retaliation for participating in activity protected under Title VII.

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

7.      This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Travis County, Texas.

## IV.

## CONDITIONS PRECEDENT

8.      All conditions precedent have been performed or have occurred. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on January 7, 2020. The E.E.O.C. issued a notice of right to sue to Plaintiff on April 29, 2021. Plaintiff is filing this lawsuit within 90 days of April 29, 2021.

**V.**

**STATEMENT OF FACTS RELEVANT TO ALL CLAIMS**

9. Plaintiff was hired by the Respondent in or around May 2017 as a "fountain" employee. She was then moved up to the position of Assistant Manager.

10. In approximately October of 2019, one of the other Assistant Managers, Jesse Mendoza, began touching Ms. Diaz in ways that made her feel uncomfortable. He would put his hands around her waist and try to squeeze behind her when she was working. After he did that about four times, Ms. Diaz texted the Store Manager, Vera Crisostomo, who is Jesse's sister, and told her what Jesse was doing. Ms. Diaz told her that if he did not stop, she would file sexual harassment charges. After she reported Jesse's behavior to Vera, Vera began a pattern of not speaking with Ms. Diaz or interacting with her at work.

11. When Ms. Diaz went to work on November 27, 2019, the new Area Manager, Melinda Zamora, was at the store. She asked Ms. Diaz to meet with her. She then told her that after investigating some things at the store, they didn't find anything or anybody else who came forward, so they were going to leave that. Ms. Zamora then told Ms. Diaz that they were going to have to let her go, because, she stated: "Vera does not want you here anymore." Defendant formally terminated Ms. Diaz's employment on December 4, 2019.

**VI.**

**CAUSES OF ACTION**

**COUNT ONE -  RETALIATION UNDER TITLE VII**

12. Plaintiff filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission (EEOC) on January 7, 2020, within 180 days of

her termination on December 4, 2019. Plaintiff received a notice of the right to sue from the EEOC dated April 29, 2021, which is within 90 days of the filing of this Complaint.

13. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was retaliated against for opposing sexual harassment and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

14. Defendant is an employer within the meaning of Title VII.

15. Title VII states, in pertinent part that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

16. Defendant intentionally retaliated against Plaintiff for making a discrimination complaint, participating in a discrimination investigation or otherwise opposing discrimination by the employer. Plaintiff made a discrimination complaint and opposed a discriminatory practice by Defendant, and suffered adverse employment actions as a result in that Defendant terminated Plaintiff's employment. Defendant's decisions were motivated by Plaintiff's opposition to Defendant's discriminatory conduct. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, more fully set forth below.

**COUNT TWO - RETALIATION UNDER THE TEXAS COMMISSION ON HUMAN RIGHTS ACT**

17. The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes retaliation, is in direct violation of §21.005, et. seq., Labor Code, Vernon's Texas Codes Annotated.

18.     Defendant retaliated against Plaintiff for making discrimination complaints, for participating in a discrimination investigation or otherwise opposing gender discrimination by the employer. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, as described above, including the decision to terminate Plaintiff's employment.

## VII.

## DAMAGES

19.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

20.     Defendant intentionally engaged in an unlawful employment practice by retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

21.     The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

22. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964. Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## IX.

## JURY DEMAND

23. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay.

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF